UNITED STATES of America,
Plaintiff-Appellee,

v.

Israel VALLES-VALENCIA,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Ricardo Vigil BUSTAMANTE,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Guillermo SOTO-LEAL,
Defendant-Appellant.

Nos. 84–1258, 84–1259 and 84–1285.

United States Court of Appeals,
Ninth Circuit.

July 30, 1987.

Walter B. Nash and James L. Ripley, Tucson, Ariz., for defendant-appellant Soto-Leal.

William G. Walker, Tucson, Ariz., for defendant-appellant Valles-Valencia.

Bertram Polis, Tucson, Ariz., for defendant-appellant Bustamante.

John M. Roll, Tucson, Ariz., for plaintiff-appellee U.S.

Before GOODWIN, NORRIS, and BRUNETTI, Circuit Judges.

ORDER

The government's petition for rehearing in No. 84–1285, *United States v. Guillermo Soto-Leal* is granted.

The opinion issued in the above-numbered cases on February 26, 1987, and reported at 811 F.2d 1232 (9th Cir.1987), is amended as follows:

That section starting on page 1238, second column, under the heading "Soto-Leal's Conviction of Conspiracy" and ending on page 1239, second column, with the words "must be vacated" is deleted. (Slip op at page 12, first full paragraph through page 13, end of first full paragraph.)

The original opinion stated that "the acquittal of all but one of the conspirators signifies that the jury found no agreement to act, and the remaining conspirator cannot have [conspired with himself] since '[c]onspiracy requires a plurality of actors ...'." *United States v. Wright*, 742 F.2d 1215, 1224 (9th Cir.1984) (quoting *Lubin v. United States*, 313 F.2d 419, 423 (9th Cir. 1963).

As the Supreme Court noted in *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1987), however, inconsistent verdicts can just as easily be

the result of jury lenity as a determination of the facts. 469 U.S. at 65, 105 S.Ct. at 477. Thus, the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement to act. Moreover, the Court has rejected "a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them." *Id.* at 66, 105 S.Ct. at 478. The fact that the conflict in this case involves charges against different defendants, rather than different charges against the same defendant does not affect the rationale.

■ In the original opinion we applied the "rule of consistency" to vacate Soto-Leal's conviction of conspiracy. We now reconsider the "rule of consistency" in light of the Supreme Court's recent holding in *Powell.* Because of the *Powell* decision, the broad language from *Lubin* to the effect that the acquittal of all but one of the alleged co-conspirators requires the acquittal of the remaining defendant can no longer be relied upon. Each case must be examined carefully to see whether evidence of conspiring with others, known or unknown, was produced during the trial. Our earlier cases relying on the broad language must be deemed overruled in part by the Supreme Court's decision in *Powell.*

As the government points out in its petition for rehearing and suggestion for rehearing en banc, there was evidence that there were unindicted co-conspirators and indicted co-conspirators who were acquitted. The jury verdicts indicated that the jury knew how to acquit those whose guilt was not proved beyond a reasonable doubt and knew how to convict those whose guilt was satisfactorily proven.

Accordingly, the government's petition for rehearing is granted and the reversal of the conspiracy count against Soto-Leal is set aside. The original opinion is further amended by deleting the last paragraph of the opinion at 811 F.2d 1240, first column, (Slip op at page 15, first full paragraph) and inserting: "The judgments appealed from are in all respects affirmed."

With the filing of this order, the panel has voted to reject the suggestion for rehearing en banc. The full court has been advised of the above amendment and of the suggestion for rehearing en banc. No active judge has called for a vote on whether to rehear the matter en banc. (Fed.R. App.P. 35.)

The suggestion for rehearing en banc is rejected.