958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael MENDOZA-LEMUS, Defendant-Appellant.
 No. 89-30202.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES K. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Mendoza-Lemus appeals his jury conviction for conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine in furtherance of the conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. He also appeals his 20-year sentence. He contends that the district court erred by (1) denying his motion for a mistrial because he was prejudiced by his codefendant's mid-trial guilty plea, (2) denying his motion for a new trial or acquittal based on inconsistent verdicts, and (3) applying the mandatory minimum sentencing provisions of 21 U.S.C. § 841 to his conspiracy conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's denial of a mistrial for an abuse of discretion. United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1991). A mistrial is not warranted except in the unusual case where a cautionary instruction to the jury is insufficient to cure the prejudicial impact of an impropriety. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991) (discussing prosecutorial misconduct). If the district court informs the jury that a codefendant has pleaded guilty mid-trial, it must instruct the jury not to consider the plea in determining the guilt or innocence of remaining defendants. United States v. Washbaugh, 442 F.2d 1127, 1129 (9th Cir.1971). When the prosecutor examines a testifying codefendant about his or her guilty plea, the district court must instruct the jury that it can use the plea only to assess the witness's credibility. United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989), amended, 902 F.2d 18 (9th Cir.), cert. denied, 111 S.Ct. 64 (1990). The preferred practice is to instruct the jury when the evidence of the plea is admitted and again in final instructions. Id.
 
 
 4
 Here, Mendoza-Lemus proceeded to trial with four codefendants. On the third day of trial, after testimony for the prosecution by coconspirator Angel Barragan-Salas, codefendant Gustavo Lopez-Alvarez pleaded guilty. The district court instructed the jury:
 
 
 5
 You should know at this point that Gustavo Lopez-Alvarez is no longer a party to this case. You will note that he is absent, and his attorney, Mr. Sarko, is absent. You should not speculate about the reasons for that or draw any inferences by the fact that he is no longer a party, and you should not consider that fact in the rest of your work in this case.
 
 
 6
 (RT at 547.) Lopez-Alvarez later testified for the prosecution and was examined about his guilty plea. The other four defendants moved for a mistrial. The district court denied the motion. Immediately after Lopez-Alvarez's testimony and again in final instructions, the district court instructed the jury that it should consider testimony of an accomplice with "great caution" and that an accomplice's guilty plea was not evidence against the remaining defendants.
 
 
 7
 The district court adequately instructed the jury at each juncture. When Lopez-Alvarez pleaded guilty, the district court instructed the jury not to consider the plea in proceedings concerning the other defendants. See Washbaugh, 442 F.2d at 1129. When Lopez-Alvarez testified about his plea, the district court again instructed the jury that the plea was not relevant to the guilt or innocence of the other defendants. See Rewald, 889 F.2d at 865. The district court followed the preferred procedure of instructing the jury both after Lopez-Alvarez's testimony and in final instructions. See id. Because these instructions were sufficient to cure the prejudicial effect of Lopez-Alvarez's guilty plea, the district court did not abuse its discretion by denying Mendoza-Lemus's motion for a mistrial. See Davis, 932 F.2d at 761; Sanchez-Robles, 927 F.2d at 1076.
 
 
 8
 Mendoza-Lemus also contends that the district court erred by denying his motion for a new trial or acquittal based on inconsistent verdicts. This contention lacks merit. Because inconsistent verdicts may be the result of the jury's lenity, the fact that verdicts cannot rationally be reconciled does not warrant a new trial. United States v. Powell, 469 U.S. 57, 66 (1984); United States v. Valles-Valencia, 823 F.2d 381, 382 (9th Cir.1987) (holding of Powell applies where all coconspirators but one were acquitted unless there was insufficient evidence that the convicted defendant conspired with others); see also United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir.1991); but see United States v. Guzman, 849 F.2d 447, 448-49 (9th Cir.1988) (applying pre-Powell rule that conviction of one defendant and acquittal of another when only evidence of culpability applies equally to both may violate due process unless there is a rational basis for the different treatment).
 
 
 9
 Mendoza-Lemus, Alfredo Grageda-Chavez, and Julian Camacho-Zuniga all were tried for conspiracy to distribute five or more kilograms of cocaine. The jury found Mendoza-Lemus and Grageda-Chavez guilty of this offense, but found Camacho-Zuniga guilty of the lesser-included offense of conspiracy to distribute an unspecified amount of cocaine. Because these verdicts could not be interpreted to mean that Mendoza-Lemus did not conspire with others, due process does not require their rational reconciliation. See Powell, 469 U.S. at 66; Valles-Valencia, 823 F.2d at 382. Accordingly, the district court did not err by denying Mendoza-Lemus's motion for a new trial or acquittal.
 
 
 10
 Finally, Mendoza-Lemus contends that the district court erred by imposing the mandatory minimum sentencing provisions of 21 U.S.C. § 841 to his conspiracy conviction. A defendant convicted of distribution of five or more kilograms of a mixture or substance containing cocaine "shall be sentenced to a term of imprisonment which may not be less than 20 years." 21 U.S.C. § 841(b)(1)(A) (penalty for repeat offenders). "Any person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy." 21 U.S.C. § 846 (1988). This amended version of section 846 requires the imposition of mandatory minimum terms upon defendants convicted of conspiracy. See United States v. Sharp, 883 F.2d 829, 830 (9th Cir.1989) (per curiam) (without discussion, applying mandatory minimum under section 841(b)(1)(B) to conviction under section 846); United States v. Montoya, 891 F.2d 1273, 1293 n. 25 (7th Cir.1989) (dictum). Accordingly, Mendoza-Lemus's contention lacks merit.
 
 
 11
 Mendoza-Lemus has filed a pro se motion for leave to file a pro se supplemental brief. Because Mendoza-Lemus is represented by counsel, we deny the motion. If Mendoza-Lemus wishes to claim ineffective assistance of counsel at trial, he may file a motion under 28 U.S.C. § 2255 in district court.
 
 
 12
 On February 12, 1991, this court ordered Mendoza-Lemus's attorney to show cause why a $250 sanction for failure to file an opening brief was unwarranted. Counsel's response stated that he was inexperienced in federal appeals and had enlisted additional support staff to work on the brief. These facts do not excuse counsel's failure to file either an opening brief or a motion for an extension of time for more than five months after the brief was due. Accordingly, counsel for appellant shall pay a $250 sanction to the Clerk of this court.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3