990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro ALVARADO-ALVAREZ, Defendant-Appellant.
 No. 91-30405.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1993.
Decided April 8, 1993.
 
 1
 Appeal from the United States District Court for the Western District of Washington; No. CV-91-103-JET, Jack E. Tanner, District Judge, Presiding.
 
 
 2
 W.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: WRIGHT, CANBY and REINHARDT, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 Pedro Alvarado-Alvarez appeals his convictions of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and of one count of use and carrying of a firearm, in violation of 18 U.S.C. § 924(c). Alvarado-Alvarez alleges that insufficient evidence exists to support the convictions, and challenges the instruction given to the jury on the firearm count. We affirm.
 
 BACKGROUND
 
 7
 An informant contacted Alvarado-Alvarez in an effort to buy cocaine. Alvarado-Alvarez took the informant to an apartment that he had rented. There he showed the informant a safe that contained cocaine. The informant agreed to buy a kilogram of the drug from Alvarado-Alvarez.
 
 
 8
 The two met again on April 17, 1991, at a mall located approximately twenty miles from the apartment. A woman named Inez Valencia-Alvarez, who is unrelated to the appellant, accompanied Alvarado-Alvarez. She entered a restaurant across the street from a parking lot in which the two men exchanged drugs for cash. The police arrested Alvarado-Alvarez and Valencia-Alvarez after the transaction had been completed.
 
 
 9
 Police officers conducted a warranted search of the apartment where the defendant had taken the informant. The officers found a safe that contained drugs and a .357 Magnum semiautomatic pistol that was stuffed under the mattress of a bed within the same room. Police seized drug paraphernalia from the apartment, including plastic bags and weight scales.
 
 
 10
 Alvarado-Alvarez and Valencia-Alvarez were tried together. Each was charged with conspiracy and distribution. A superseding indictment accused Alvarado-Alvarez also of possession with intent to distribute and of use and carrying of a firearm. The jury acquitted Valencia-Alvarez of the conspiracy charge, but convicted the appellant of the same offense. The jury also convicted Alvarado-Alvarez of the other crimes with which he had been charged.
 
 THE CONSPIRACY CONVICTION
 
 11
 To determine whether the evidence was sufficient to support the appellant's conspiracy conviction, we ask whether any rational juror, after viewing all of the evidence in the light most favorable to the government, could find the elements of conspiracy beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 320 (1979). A conspiracy commonly requires a plurality of actors. See United States v. Wright, 742 F.2d 1215, 1224 (9th Cir.1984), overruled on other grounds, United States v. Valles-Valencia, 823 F.2d 381, 382 (9th Cir.1987). Alvarado-Alvarez urges that the jury's acquittal of his codefendant requires us to reverse his conviction.
 
 
 12
 Alvarado-Alvarez failed to preserve this issue for appeal. Although he and Valencia-Alvarez made motions to dismiss the conspiracy charges at the close of the government's case, only she renewed the motion prior to the start of jury deliberations. Accordingly, we may reverse the appellant's conspiracy conviction only to correct plain error or to remedy a manifest injustice. United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992).
 
 
 13
 We find no reason to disturb the conviction. The "rule of consistency," which once required us to reverse convictions obtained from inconsistent jury verdicts, is no longer absolute. See Valles-Valencia, 823 F.2d at 382. "Each case must be examined carefully," we said in Valles-Valencia, "to see whether evidence of conspiring with others, known or unknown, was produced during the trial." Id.
 
 
 14
 After reviewing the entire record, we are satisfied that there was sufficient evidence to permit a rational factfinder to conclude that a conspiracy existed between the codefendants. In particular, there was uncontroverted evidence that the kilogram of cocaine came from the purse of Valencia-Alvarez. Such circumstantial evidence, showing that codefendants acted together for a common illegal goal, is sufficient to prove the existence of a conspiracy. See United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987).[1]
 
 
 15
 The informant testified that Alvarado-Alvarez retrieved the cocaine from a "black pouch or black purse" located on the floorboard of the front passenger seat of the defendant's car. A police officer who watched the sale take place saw Alvarado-Alvarez stoop over the front passenger seat as if he were taking something from the floorboard. Another officer later found the black bag lying on the passenger seat. Each of these persons identified the bag at trial, and Valencia-Alvarez admitted that she owned the bag.
 
 
 16
 Although Valencia-Alvarez denied knowing that cocaine had been in the bag, the jury could have found otherwise. That the jury acquitted Valencia-Alvarez is of no consequence. Inconsistent verdicts can be the result of jury lenity rather than the result of a fact determination. Valles-Valencia, 823 F.2d at 381-382 (citing United States v. Powell, 469 U.S. 57, 65 (1987)). Because we find sufficient evidence to support a fact determination that the codefendants had conspired to sell cocaine, we affirm Alvarado-Alvarez's conspiracy conviction.
 
 THE FIREARM CONVICTION
 The Instructions
 
 17
 Alvarado-Alvarez contends that the firearm instructions failed to specify the degree of association between a firearm and an underlying felony necessary to convict under 18 U.S.C. § 924(c). Contrary to the government's assertion, the defendant preserved this issue for appeal. However, his argument lacks merit.
 
 
 18
 We determine the sufficiency of a particular instruction by reviewing the instructions as a whole. United States v. Torres-Rodriguez, 930 F.2d 1375, 1388 (9th Cir.1991). If the instructions fairly and adequately cover the issues presented, the district court's formulation of those instructions is within that court's discretion. Id.
 
 The two instructions at issue provided:
 
 19
 As used in Title 18, United States Code, Section 924(c), the terms "during" and "in relation to" mean that the firearm in question must bear some logical relationship to the alleged drug trafficking offense, such that it could be said to have a role in that offense. It is sufficient in this respect to establish that the firearm served to protect the defendant, or quantities of illegal drugs, or to intimidate others, and was available for any of these purposes, regardless of whether the firearm was actually displayed or discharged.
 
 
 20
 As used in Title 18, United States Code, Section 924(c), the terms "use" and "carry" may be given their ordinary meaning, and include the transportation or possession of a firearm. Such possession may be either actual or constructive, so long as the firearm is accessible to the defendant or to any coconspirator.
 
 
 21
 The first instruction is an accurate description of this court's interpretation of the relational elements in Section 924(c). The first sentence conveys the idea that possession or control of a gun, without more, is insufficient for a conviction. See, e.g., United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (citing United States v. Phelps, 877 F.2d 28, 30 (9th Cir.1989), and United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985)). The second offers examples of that idea, see Torres-Rodriguez, 930 F.2d at 1385 (protecting defendant or drugs; using to intimidate others), and states that literal use of the gun is not required. Torres-Medina, 935 F.2d at 1049.
 
 
 22
 Alvarado-Alvarez proposed a first firearm instruction that elaborates upon the meaning of "a role in that offense." His instruction borrows language from Stewart that a firearm may play a role in an offense merely by emboldening a defendant to act. Stewart, 779 F.2d at 540. His proposal was unnecessary, however, in that its language merely states in another way that literal use of a gun is not required for conviction under Section 924(c). See Torres-Medina, 935 F.2d at 1050. It was no abuse of discretion to reject what was no more than an objection to the form of the instruction.
 
 
 23
 The defendant also contends that the "use and carry" instruction failed to include language which relates possession to an underlying felony. Torres-Medina described the relation between a gun and a crime under the rubric of the "use and carry" language. See id. at 1049. However, the relationship it described is identical to the "role in the offense" language contained in the first firearm instruction. See id. at 1050.
 
 
 24
 The omission of relational language in the second firearm instruction hardly could have misled the jury. The second instruction did not purport to define the same statutory terms as did the first. The jury would have realized that whatever the definition of "use" and "carry," a relationship between the gun and the distribution of cocaine was necessary to support a conviction.
 
 The Evidence
 
 25
 Alvarado-Alvarez failed to make a motion for acquittal on the firearm charge. Reversal of his conviction on that charge is therefore proper only to correct plain error or to remedy a manifest injustice. United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992). No injustice or error occurred. Sufficient evidence existed upon which to convict Alvarado-Alvarez according to the instructions that the jury received.
 
 
 26
 The appellant argues that there was no direct evidence to show that he knew that the gun was in the apartment. Ample circumstantial evidence existed, however, for the jury to find that he had possession or control over the gun and that the gun had a role in cocaine sales. The gun was stuffed into the only mattress in an apartment that he rented. Although another person shared the rent, and others lived there occasionally, a jury could well have determined that the gun belonged to the appellant. Furthermore, the mattress lay near a safe which Alvarado-Alvarez knew contained cocaine. The government adduced sufficient evidence on both the issues of ownership and of relation to the underlying felony.
 
 
 27
 Alvarado-Alvarez maintains that the distance between the apartment and the site of his arrest destroys the relationship between a predicate offense and the firearm. He is incorrect. The jury convicted him of possessing approximately 585 grams of cocaine in the safe. Even if the connection between the gun and the sale was tenuous, the connection between the gun and possession is clear. See Torres-Rodriguez, 930 F.2d at 1385.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Alvarado-Alvarez challenges only the existence of a conspiracy and not the question of his participation in one. See id. (describing second and third elements of conspiracy)