5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tomas VEGA-ALVAREZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-92-5163-HLH, Harry L. Hupp, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Vega-Alvarez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to set aside his conviction and sentence. Following a jury trial, Vega-Alvarez was convicted of conspiracy to possess and distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). He was sentenced to concurrent terms of 151 months imprisonment for each count and five years of supervised release. We affirmed his conviction on direct appeal. United States v. Vega-Alvarez, No. 90-50247, unpublished memorandum disposition (9th Cir. June 4, 1991).
 
 
 3
 Vega-Alvarez contends that the district court erred by denying his requests for (1) a jury instruction on entrapment; (2) a four-level downward adjustment for being a minimal participant, rather than a two-level downward adjustment for being a minor participant; and (3) a three-level downward adjustment for acceptance of responsibility. In addition, Vega-Alvarez argues that because his co-defendant was acquitted of the conspiracy charge, his conviction on that charge must be reversed. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 4
 In order to show entrapment, Vega-Alvarez was required to show that he was induced to commit the crime by a government agent and that he was not otherwise predisposed to commit the crime. See United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986). It is not enough that the informant first raised the issue of a narcotics deal with Vega-Alvarez. "The lone fact that the Government or its agents made the initial contact is evidence only that the Government furnished the opportunity for the commission of the crime. It does not show inducement or persuasion." United States v. Kidd, 734 F.2d 409, 413 (9th Cir.1984). The district court was required to instruct on entrapment only if Vega-Alvarez presented some evidence of both elements of the defense. See Busby, 780 F.2d at 806. Vega-Alvarez requested an entrapment instruction; however, he did not present any evidence of entrapment at trial. Therefore, the district court's refusal to give the requested instruction was proper.
 
 
 5
 With respect to Vega-Alvarez' arguments for downward adjustments to his sentence, we note that a defendant who does not raise such an issue at the time of sentencing or on direct appeal waives the right to raise the issue in a subsequent 28 U.S.C. Sec. 2255 motion. United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990). Vega-Alvarez did not request a downward adjustment for minimal participation or for acceptance of responsibility either at the time of sentencing or on direct appeal. Accordingly, the district court properly denied his claims to such departures. See id.
 
 
 6
 In a footnote, Vega-Alvarez adds that because co-defendant Torres-Medina was acquitted of the conspiracy charge, his conviction on that charge must be reversed. The Supreme Court has rejected the "rule of consistency," which stands for the proposition that the acquittal of all but one of the alleged co-conspirators requires the acquittal of the remaining defendant. United States v. Powell, 469 U.S. 57 (1987). "[I]nconsistent verdicts can just as easily be the result of jury lenity as a determination of the facts." United States v. Valles-Valencia, 823 F.2d 381, 381-82 (9th Cir.1987) (citing Powell, 469 U.S. at 65). Thus, Vega-Alvarez' contention lacks merit.
 
 
 7
 In the context of his other arguments, Vega-Alvarez suggests that he was denied effective assistance of counsel. To demonstrate ineffective assistance of counsel, Vega-Alvarez must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Vega-Alvarez has offered no proof that the performance of his trial counsel was not "within the range of competence demanded of attorneys in criminal cases." See id. (citations omitted). Thus, we conclude that trial counsel's performance was not deficient, and we need not reach the second prong of the Strickland test.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3