9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamont Duane "Monte" JACK, Defendant-Appellant.
 No. 92-30409.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Oct. 29, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Lamont Duane "Monte" Jack was convicted by a jury of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951, attempted robbery, in violation of 18 U.S.C. §§ 1951-52, and use of a firearm during the commission of the other charged offenses, in violation of 18 U.S.C. § 924(c)(1). Jack's sole codefendant, Randy D. Baldwin, was acquitted on all counts, including conspiracy to commit robbery. The district court sentenced Jack to 108 months' imprisonment.
 
 
 3
 On appeal Jack contends that the district court erred (1) by denying his post-trial motion for acquittal, (2) by denying his motion for new trial, (3) by increasing his guideline offense level two levels, and (4) by failing to depart downward from his guideline offense level. We have jurisdiction over issues (1) through (3) under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We lack jurisdiction to consider issue (4). We affirm Jack's conviction and sentence.
 
 I. Motion for Acquittal
 
 4
 Jack contends that it is legally impossible for him to be found guilty of conspiracy to commit robbery when his sole, alleged coconspirator was acquitted on the conspiracy charge. He further contends that, because his alleged coconspirator was acquitted, the government did not prove beyond a reasonable doubt that at least two persons were involved in the conspiracy. Finally, Jack argues that the jury verdict must be set aside because it was based on evidence of Jack's agreement with a government informant.
 
 
 5
 We first consider Jack's legal argument. The "rule of consistency," which once required us to reverse convictions of conspirators when their coconspirators were acquitted, is no longer absolute. United States v. Valles-Valencia, 823 F.2d 381, 382 (9th Cir.1987) (amending United States v. Valles-Valencia, 811 F.2d 1232 (9th Cir.1987)). We now must review each case carefully "to see whether evidence of conspiring with others, known or unknown, was produced at trial." Id., at 382.
 
 
 6
 This leads us to Jack's challenge regarding the government's burden of proof. Essentially, Jack argues that his conspiracy conviction is not supported by a sufficiency of the evidence. We, therefore, review the evidence presented against Jack in a light most favorable to the government to determine whether any rational juror could find the elements of conspiracy beyond a reasonable doubt. See United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 7
 After reviewing the record, we are satisfied that there was sufficient evidence to permit a rational factfinder to conclude that a conspiracy existed between Jack and Baldwin. That the jury acquitted Baldwin is of no consequence. Inconsistent verdicts can be the result of jury lenity rather than the result of a fact determination. Valles-Vallencia, 823 F.2d at 381-82 (citing United States v. Powell, 469 U.S. 57, 65 (1984)).
 
 
 8
 In support of his argument, Jack relies on Hartzel v. United States, 322 U.S. 680 (1944). But Hartzel is distinguishable. In that case, the trial judge set aside the jury convictions of the coconspirators for insufficient evidence. Thus, in Hartzel, it was clear that a fact determination was made regarding the existence of the conspiracy.
 
 
 9
 We now consider Jack's argument that the conspiracy verdict must be set aside because it was impermissibly based on Jack's agreement with a government informant. Jack contends that, because Baldwin was acquitted, the jury found that no conspiracy existed between Jack and Baldwin. He argues that, therefore, the jury must have based its verdict on the agreement between Jack and a government informant, which legally cannot constitute a conspiracy. In support of this argument Jack submits a statement made by the jury foreman that the basis for the jury's verdict consisted of tape recorded conversations Jack had with the government informant as well as maps provided to Jack by the informant.
 
 
 10
 First, as noted above, the jury's acquittal of Baldwin does not necessarily mean that the jury determined that no agreement existed between Jack and Baldwin. Second, the statement of a juror cannot be used as evidence in an inquiry into the validity of a verdict, except on the questions of extraneous prejudicial information and improper outside influences. Fed.R.Crim.P. 606(b). Finally, even if considered, the juror's statement does not unambiguously indicate that the jury rested the conspiracy conviction on an agreement between Jack and the government informant. It merely refers to the evidence relied on by the jury.
 
 
 11
 The district court did not err by denying Jack's Motion for Judgment of Acquittal.
 
 II. Motion for New Trial
 
 12
 We review for an abuse of discretion the denial of a motion for a new trial under Fed.R.Crim.P. 33. See United States v. George, 960 F.2d 97, 101 (9th Cir.1992). In light of Jack's concession that this motion was premised on the same arguments raised above, we conclude that the district court did not abuse its discretion by denying Jack a new trial.
 
 
 13
 III. Two-level Increase of Guideline Offense Level
 
 
 14
 We review de novo the legality of a sentence under the guidelines. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc). We review de novo the district court's application of the guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). But we review for clear error the district court's factual findings underlying its application of the guidelines. United States v. Ono, 918 F.2d 1462, 1466 (9th Cir.1990). The district court's factual determinations at sentencing must be supported by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 15
 The district court found that an object of Jack's attempted robbery was to take a controlled substance. Consequently, the district court increased by one level Jack's offense level under U.S.S.G. § 2B3.1(b)(5). Jack contends that this was error because he was acquitted of the charge of possession with intent to distribute. The jury's acquittal of Jack on that count is not inconsistent with the district court's finding, which is supported by a preponderance of the evidence.
 
 
 16
 There was evidence that Jack knew there were drugs in the residence and that his codefendant was attempting to remove them from the residence when the police officers arrived. There was also evidence that taking money and narcotics was the object of Jack's entire scheme. We therefore conclude that the district court did not err by increasing Jack's offense level by one under U.S.S.G. § 2B3.1(b)(5).
 
 
 17
 The district court also increased Jack's offense level by one under U.S.S.G. § 2B3.1(b)(6)(B) because it found that the value of the money and controlled substance Jack attempted to take exceeded $10,000. Jack argues, without legal authority, that this was error because a police detective had the discretion of how much money and controlled substance to leave in the residence for the "sting" operation during which Jack was arrested.
 
 
 18
 We find no basis for concluding that the district court committed error.
 
 V. Failure to Depart Downward
 
 19
 Finally, Jack contends that he was entitled to a downward departure because he was a long-term confidential informant for law enforcement. We do not have jurisdiction to review the district court's discretionary decision not to depart downward. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). Therefore, we do not consider this issue.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3