**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Emil A. JOHNSON, Defendant–Appellant.**

No. 92–4009.

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 1994.

---

* Hon. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by

Before: KEITH and KENNEDY, Circuit Judges; and JORDAN,* District Judge.

#### ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

#### DISSENT FROM DENIAL OF EN BANC.

BOYCE F. MARTIN, Jr., Circuit Judge.

I respectfully dissent from the order denying en banc consideration in this case because I believe that the majority's opinion, even taken in the most reasonable light, represents a further erosion of the rights guaranteed by our Constitution. *Compare United States v. Taylor,* 956 F.2d 572, 590 (6th Cir.1992) (en banc) (Martin, J., dissenting). While this case appears to mirror, with amazing clarity, the Ninth Circuit's opinion in *United States v. Valles–Valencia,* 811 F.2d 1232 (9th Cir.), *amended on other grounds,* 823 F.2d 381 (9th Cir.1987), I feel the majority opinion has gone beyond even what was contemplated by our sister circuit.

The Fourth Amendment embodies the right of every person "to retreat into his own home and there be free from unreasonable government intrusion." *Silverman v. United States,* 365 U.S. 505, 511, 81 S.Ct. 679, 683, 5 L.Ed.2d 734 (1961). In keeping with this long-standing protection of the sanctity of the home, warrantless searches and seizures in private dwellings are, absent probable

designation.

cause and exigent circumstances, considered presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 583–90, 100 S.Ct. 1371, 1378–82, 63 L.Ed.2d 639 (1980). Moreover, the Supreme Court has repeatedly cautioned that true emergency circumstances are "few in number and carefully delineated." *Welsh v. Wisconsin*, 466 U.S. 740, 749, 104 S.Ct. 2091, 2097, 80 L.Ed.2d 732 (1984). Despite the clarity of these bedrock principles, the majority here sanctions an unwarranted expansion of the exigent circumstances exception and endorses unreasonable police intrusions into a private residence. This Court could not have sent a more clear signal that Fourth Amendment freedoms will—at least in this Circuit—bow to the public war on crime.

I can only hope that the United States Supreme Court will review this case and correct this tragic error.