103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles D. MATLOCK, Defendant-Appellant.
 No. 95-10176.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 7, 1996.
 
 Before: NORRIS, KOZINSKI, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm Matlock's conviction for conspiring to manufacture and possess methamphetamine with intent to distribute, and possessing ephedrine with intent to manufacture methamphetamine.
 
 
 3
 Matlock raises eight different grounds for reversal. First, Matlock argues that his conspiracy conviction must be reversed because the jury acquitted co-defendant Boyd of all charges, including conspiracy. However, the acquittal of all conspirators but one does not necessarily indicate that the jury found no agreement to act. United States v. Valles-Valencia, 823 F.2d 381, 382 (9th Cir.1987). Rather, each case must be examined to see whether evidence of conspiring with others, known or unknown, was produced during the trial. In this case, there is evidence that Matlock conspired with indicted coconspirator Jimenez, who is a fugitive, and with several unindicted coconspirators, in the form of testimony at trial of coconspirators Stillwell, Hixson, Jay Matlock, McClelland, Mynhier, and Sacchetti.
 
 
 4
 Second, Matlock argues the district court abused its discretion by excusing a juror without "just cause" after deliberations had begun. It is generally appropriate to excuse a juror after deliberations have begun when the juror becomes "seriously incapacitated or otherwise found to be unable to continue service upon the jury," United States v. Araujo, 62 F.3d 930, 933 (9th Cir.1995), and "when the trial is lengthy and waiting for the juror will result in a substantial or potentially uncertain delay," United States v. Dischner, 974 F.2d 1502, 1513 (9th Cir.1992), cert. denied, 507 U.S. 923 (1993). In this case, after a trial that lasted 18 days with 43 witnesses, a juror was informed that her disabled mother had taken a bad fall and might need the juror's help. Matlock claims that the district court disregarded the juror's own statement that she was willing to deliberate because she did not want to jeopardize the trial, and that she believed she could continue to concentrate despite her mother's condition. However, the record shows that the juror expressed a desire to leave the state to care for her mother, and that the district judge spoke with the juror at length regarding the nature or her situation and the likely duration of her absence. Cf. Araujo, 62 F.3d at 934-35 (abuse of discretion where district judge did not ascertain likely duration of juror's absence). In this situation, we cannot say that the district court judge abused his discretion in excusing the juror.
 
 
 5
 Third, Matlock argues that the prosecutor committed Griffin error by making the following statement during closing argument: "They are not going to stand up, either Matlock or Boyd, will not stand up and say that there was no conspiracy." The government claims that the prosecutor did not intend, through this statement, to comment on Matlock's or Boyd's failure to testify, since co-defendant Boyd did in fact testify. Instead, the government claims the prosecutor intended to say that defense counsel, in their own closing arguments, would not claim that a conspiracy did not exist. A claim of Griffin error is reviewed de novo. United States v. Mayans, 17 F.3d 1174, 1185 (9th Cir.1994). Prosecutorial comment on a defendant's failure to testify mandates reversal when such comment is extensive, an inference of guilt from silence is stressed to the jury as a basis for conviction, and the evidence could have supported acquittal. United States v. Tarazon, 989 F.2d 1045 (9th Cir.), cert. denied, 510 U.S. 853 (1993). We believe that the statement at issue here could have constituted Griffin error, see Tarazon, 989 F.2d at 1052 (holding Griffin error where prosecutor stated, "Unless someone wants to get up here and say, I didn't know to distribute cocaine is against the law," jury could infer that the defendant intentionally aided the commission of a drug offense). However, we decline to reverse Matlock's conviction because the error was harmless beyond a reasonable doubt, given the overwhelming evidence at trial that there was a conspiracy. The record shows that Stillwell, Hixson, Jay Matlock, McClelland, Mynhier, and Sacchetti all testified as to Matlock's role in the conspiracy. Moreover, there was a great deal of physical evidence corroborating their claims, including large quantities of ephedrine, phosphorous, and isopropyl alcohol, drug manufacturing equipment, and methamphetamine, seized from property that all witnesses identified as central to the conspiracy, and which Matlock owned and leased to other coconspirators.
 
 
 6
 Fourth, Matlock argues that the prosecutor improperly vouched for the credibility of a government witness named Stillwell, by stating during closing argument, "The Government believes Stillwell was telling the truth." To be sure, this was vouching. However, we agree with the government that the error was harmless. Defense counsel objected immediately to the statement, and the district court gave a curative instruction explaining vouching and informing the jury that the government may not argue what it simply believes. Moreover, the court later instructed the jurors to consider Stillwell's testimony with "great caution, giving it the weight your feel it deserves" in light of the fact that Stillwell had pleaded guilty to a crime arising out of the same events, and had received benefits from the government in exchange for his testimony. See United States v. Shaw, 829 F.2d 714, 718, 718 n. 1 (9th Cir.1987) (holding vouching harmless where trial court instructed jury that it should examine witness' testimony with greater caution than testimony of ordinary witness because witness was beneficiary of plea bargain and was an accomplice), cert. denied, 485 U.S. 1022 (1988). Finally, Stillwell's testimony was corroborated by the physical evidence outlined above, and by the testimony of several other coconspirators. Therefore, any vouching by the prosecutor was harmless error.
 
 
 7
 Fifth, Matlock argues that the district court abused its discretion by refusing to grant his motion for severance of his trial from co-defendant Boyd's trial. Matlock asserts that he was prejudiced by Boyd's testimony regarding conversations Boyd had with police officer Skinner, when Skinner allegedly told Boyd "that he knew [Boyd] had no involvement in this, that he believed Charlie Matlock did. And if I would go along and tell anything I knew about Charlie, that they would cut me loose." On appeal, Matlock bears the burden of proving that the joint trial caused such clear, manifest, or undue prejudice that he was denied a fair trial. United States v. Freeman, 6 F.3d 586, 598 (9th Cir.1993), cert. denied, 114 S.Ct. 1661 (1994). Here, Skinner's alleged statement was simply a statement of belief, not of fact. Moreover, in his direct testimony, Skinner denied that he ever told Boyd he knew Boyd had no involvement in the conspiracy, thus casting doubt on whether he ever told Boyd he believed Matlock was involved and wanted Boyd's help to catch Matlock. Given the marginal probative value of Boyd's testimony that Skinner "believed" Matlock was involved, when viewed in light of the overwhelming evidence of Matlock's guilt, Matlock fails to meet the stringent standard of "clear, manifest, or undue prejudice."
 
 
 8
 Sixth, Matlock challenges the district court's refusal to give his proposed jury instructions, and argues that the district court improperly instructed the jury concerning the elements of a conspiracy. We review de novo whether a jury instruction misstates elements of a statutory crime. United States v. Tagalicud, 84 F.3d 1180, 1183 (9th Cir.1996). We also review de novo a district court's refusal to give a defendant's proposed instructions when the issue is whether the jury instructions given by the court adequately cover the defense theory. United States v. Duran, 59 F.3d 938, 940-41 (9th Cir.), cert. denied, 116 S.Ct. 535 (1995). Matlock claims that the court's jury instructions did not require the jury to find that Matlock knew or had reason to know the scope of the criminal enterprise, as required by United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir.1982). However, the jury instruction specifically stated that in order to convict for conspiracy, the jury must find beyond a reasonable doubt that "the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired." This instruction adequately covers the theory that Matlock must have known or had reason to know the scope of the conspiracy. See United States v. Perry, 550 F.2d 524, 529 (9th Cir.) (government need not show that each defendant worked directly with each other defendant or even that all defendants knew each other; it was sufficient to show that each defendant "knew, or had reason to know, that other retailers were involved ... in a broad project"), cert. denied, 431 U.S. 918 (1977). Matlock also claims that the jury "probably" used the allegedly erroneous jury instruction to convict Matlock of conspiracy to possess ephedrine, rather than conspiracy to manufacture and possess methamphetamine as charged in the indictment. However, the jury was instructed repeatedly that it must find that Matlock was a member of the charged conspiracy in order to convict him. Therefore, we hold that the court properly instructed the jury regarding the elements of the conspiracy, and did not err in refusing to give Matlock's proposed instructions.
 
 
 9
 Seventh, Matlock argues that the district court failed to instruct the jury that it must unanimously agree to a particular set of facts, after the jury expressed confusion about unanimity. Since Matlock failed to object to the jury instructions on unanimity, we review for plain error. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, 503 U.S. 975 (1992). When a jury indicates to the court that it is confused about the nature of the conspiracy charged, the court must give a specific unanimity instruction. United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.), cert. denied, 493 U.S. 969 (1989). In this case, the jury expressed its confusion over whether it had to find both conspiracy to manufacture and conspiracy to possess with intent to distribute in order to convict Matlock of Count I. In response, the court instructed the jury that it could find one conspiracy or the other, or both, but that if it found one, then all jurors must agree on that one. We hold this unanimity instruction was adequate.[1]
 
 
 10
 Finally, Matlock argues the cumulative impact of the alleged trial court errors deprived him of a fair trial. As discussed above, only two of Matlock's seven alleged errors may rise to the level of a constitutional violation: Griffin error and improper vouching by the prosecutor. However, even assuming there was Griffin error and improper vouching, the cumulative impact of the errors was still harmless in light of the testimony of several coconspirators and the physical evidence discussed above.
 
 
 11
 Matlock's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In the alternative, Matlock claims ineffective assistance of counsel, alleging his trial counsel failed to propose proper instructions regarding the elements of a conspiracy, and unanimity. Since we hold that the instructions given by the court were proper, Matlock cannot meet either prong of the Strickland test