**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro MOYTEZ–PINEDA,
Defendant–Appellant.**

No. 08–50160.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2009.

Filed Feb. 19, 2009.

Lawrence Casper, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, Esquire, Law Offices of John C. Lemon, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS,* District Judge.

## MEMORANDUM **

Pedro Moytez–Pineda appeals his convictions following a two-count indictment for: (1) importation of marijuana and aiding and abetting in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2; and (2) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and **affirm** the judgment of the district court.

On September 20, 2006, the United States Border Patrol's Smuggler Target Action Team ("STAT") was conducting surveillance in the Buttercup Valley area of the Imperial Sand Dunes in a remote desert area in California. The area is adjacent to the United States–Mexico International Boundary and is well known for drug smuggling. Only all terrain vehicles ("ATVs") or similar sand-equipped vehicles can traverse most of the dunes. One of the agents testified that smugglers in the area of the sand dunes often "scout" for law enforcement vehicles and law enforcement officers. That afternoon, agents observed several vehicles circling the area by repeatedly driving back and forth on and off the eastbound and westbound lanes of Interstate 8, which is a point of access to the Buttercup Valley area. Based on their experience, the STAT members recognized this as a method commonly used by smugglers to scout the area for law enforcement vehicles.

Soon thereafter, Agent Battaglini observed a Honda SUV drive out of the Buttercup Valley toward the on-ramp at

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Interstate 8. The SUV had blackened windows that appeared to be spray-painted and had no front license plate. The SUV had not been modified for off-road driving. As the vehicle began driving onto the eastbound on-ramp of Interstate 8, Agent Battaglini informed other members of STAT that it was headed eastbound. At the same time, Agent Battaglini also observed someone on an ATV driving out of the depression and heading back south toward Mexico.

The agents eventually effected a stop of the SUV. The driver was identified as Luis Payan–Valenzuela. Moytez–Pineda was removed from the front seat on the passenger's side of the vehicle. The agents detected a very strong odor of marijuana. As Moytez–Pineda stepped out of the vehicle, Agent Salazar noticed that a piece of board had been placed between the front seat and the rear portion of the SUV. Through a gap in the board, the agent observed what he believed to be bundles of packaged marijuana.

The parties stipulated and agreed that the agents seized 20 packages containing a gross weight of approximately 232.51 kilograms (or 512.6 pounds) of marijuana from the Honda SUV. They stipulated and agreed that the quantity was an amount that would be possessed with the intent to distribute and not possessed for personal use. At the close of all evidence, Moytez–Pineda moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a). He argued that the evidence was legally insufficient to support a conviction because the record failed to establish that he had exercised dominion and control over the contraband or aided and abetted in the commission of a crime. The district court denied the motion, finding that the appearance of the vehicle, the odor and quantity of marijuana "strongly suggests knowledge and joint possession."

Following his conviction on both counts, Moytez–Pineda's post-trial motion under Rule 29(c) for judgment of acquittal was denied. He was sentenced to serve a total term of 63 months imprisonment. This appeal followed.

We review *de novo* a district court's denial of a motion for acquittal at the close of all evidence. *See United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). "A challenge to the sufficiency of the evidence requires this Court to determine if 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 641–42 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

In order to obtain a conviction for importation of marijuana under 21 U.S.C. §§ 952 and 960, the government must prove that the defendant (1) intentionally brought the marijuana into the United States; and (2) knew that it was a controlled substance. *See United States v. Vargas–Castillo*, 329 F.3d 715, 719 (9th Cir.2003). To establish liability for possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), the government must show: "(1) the defendant knowingly possessed the controlled substance; and (2) the defendant possessed the controlled substance with the intent to deliver it to another person." *Id.*

It is well-settled that "a passenger [in a vehicle containing contraband] may not be convicted [of drug offenses] unless there is evidence connecting him with the contraband, other than his presence in the vehicle." *United States v. Esquivel–Ortega*, 484 F.3d 1221, 1225 (9th Cir.2007) (quoting *United States v. Sanchez–Mata*, 925 F.2d 1166, 1169 (9th Cir.1991)). The government must show that the defendant has knowledge of the presence of the drugs

and "the power to exercise dominion and control over it." *See Sanchez–Mata,* 925 F.2d at 1169 (citation omitted). "Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession." *Id.*

In contending that the evidence was insufficient to support a conviction, Moytez–Pineda relies primarily on *Sanchez–Mata* and *United States v. Ramirez,* 176 F.3d 1179 (9th Cir.1999). In *Ramirez,* over 46 pounds of marijuana was hidden in the spare tire of a vehicle driven into the United States from Mexico. *Id.* at 1180. Although the passenger appeared to be nervous, because no evidence suggested his dominion and control over the drugs, the evidence was insufficient to prove possession. *Id.* at 1181. Based on the foregoing, Moytez–Pineda asserts that the record is devoid of any evidence tending to show that he exercised dominion and control over the marijuana. We disagree and find that there are crucial differences between this case and the cases on which Moytez–Pineda relies.

We conclude that the evidence is sufficient to support the inference that Moytez–Pineda was not merely a "knowledgeable passenger," but co-possessed the drugs with the driver. In making this determination, we rely on several factors including: (1) the remote location near the border in an area known for drug smuggling; (2) the condition of the vehicle which included blackened windows that appeared to be spray-painted, the lack of a license plate, and the homemade partition between the cab and the back of the SUV; (3) the location within the SUV of drugs that were visible to Agent Salazar; and (4) the fact that the vehicle contained more than 500 pounds of marijuana. The large quantity of visible marijuana in an SUV that appeared to be specially designed for drug smuggling makes this case more like *United States v. Valles–Valencia,* 811 F.2d 1232 (9th Cir.), *modified,* 823 F.2d 381 (1987), then *Sanchez–Mata* or *Ramirez.* In *Valles–Valencia,* we upheld a conviction for marijuana possession where the defendant was arrested outside a house that was used exclusively for drug storage, had no furnishings, and had several rooms packed from floor to ceiling with marijuana. *Id.* at 1240. We held that "the sheer volume of the drugs and elaborate arrangements for their storage and transportation support[ed] a jury finding that the defendant knowingly collaborated in possessing contraband." *Id.* Here, the sheer volume of the drugs and the elaborate arrangements for their transportation into the United States supports the jury's findings regarding possession as to Moytez–Pineda. We note, moreover, that there does not appear to be any evidence suggesting an innocent explanation (such as hitchhiking) for Moytez–Pineda's presence. There was no water or money and almost no food in the SUV.

The evidence was consistent with drug smuggling. Because a rational trier of fact could reasonably infer that Moytez–Pineda was an active participant in transporting or aiding and abetting in the transporting of marijuana into the United States, the district court did not err in denying his motion for judgment of acquittal.

**AFFIRMED.**