UNITED STATES of America,
Plaintiff–Appellee,

v.

Alvaro Daniel RAMIREZ, and Arthur Emmith Smith, Jr., Defendants–Appellants.

Nos. 98–50289, 98–50295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1998.

Filed May 14, 1999.

Katherine Kimball, Federal Defenders of San Diego, Inc., San Diego, California, for defendant-appellant Ramirez.

Charles E. Duff, Jr., Vista, California, for defendant-appellant Smith.

Julie F. Puleo, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and LOVELL, District Judge.*

LOVELL, District Judge:

Alvaro Daniel Ramirez and Arthur Emmith Smith, Jr., appeal their jury convictions for conspiracy to import marijuana (21 U.S.C. §§ 952, 960 and 963), importation of marijuana (21 U.S.C. §§ 952 and 960), and possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1)), and aiding and abetting (18 U.S.C. § 2). Appellant Ramirez contends that the district court erred by admitting prejudicial Rule 404(b) evidence, other irrelevant evidence, and by refusing to grant a mistrial for improper argument by the prosecutor. Appellant Smith contends that there was insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm as to Ramirez and reverse as to Smith.

## FACTUAL BACKGROUND

On September 14, 1997, Alvaro Ramirez drove a rented 1996 pickup truck carrying 46.4 pounds of marijuana in the spare tire into the United States from Mexico at the Calexico, California, Port of Entry. The rental contract was signed by James Evans, an alleged unindicted co-conspirator, and Ramirez was listed on the rental contract as an additional driver. Arthur

---

* Honorable Charles C. Lovell of the District of Montana, sitting by designation.

Smith, Jr., was the only passenger in the vehicle.

United States Customs agents perceived Ramirez and Smith's behavior to be out of the ordinary: Ramirez appeared to be annoyed by the inspection, and Smith appeared to be exceedingly nervous. When Smith was asked to remove the pickup's ashtray, his hands trembled to such an extent that he was unable to remove the ashtray. There was no detectable odor of marijuana in or about the vehicle. The Customs agents referred the vehicle to a secondary inspection area, where a narcotic detector dog alerted to narcotics in the spare tire.

## DISCUSSION

### A. Insufficiency of the Evidence.

■ Appellant Smith's challenge to the sufficiency of the evidence requires us to consider whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Enriquez–Estrada,* 999 F.2d 1355, 1358 (9th Cir.1993) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). After careful consideration, we conclude that the evidence is not sufficient to support Smith's conviction. Smith was a mere passenger in the Ramirez vehicle, and no evidence presented by the government was sufficient to prove Smith's connection to the conspiracy to import marijuana, his intent to import marijuana, or his dominion and control over the marijuana.

■ Even if we deem the evidence of Smith's nervousness to reveal his knowledge of the presence of the marijuana in the vehicle, mere knowledge of the presence of contraband, without evidence suggesting a passenger's dominion or control of the contraband, is insufficient to prove possession. *United States v. Penagos,* 823 F.2d 346, 350 (9th Cir.1987). Smith is not connected to the marijuana by any fingerprint evidence. He has no connection to the rental vehicle other than as a mere passenger. No drugs or cash were found on his person. He did not attempt to evade arrest.

The government's reliance on the value of the marijuana is misplaced as to Smith. It may be reasonable to infer that a \$37,-120 shipment of marijuana would not be entrusted to the driver of the vehicle without the driver's knowledge. *See United States v. Cordoba,* 104 F.3d 225, 230 (9th Cir.1997). However, the entrustment theory, when applied to a mere passenger, begs the question whether there was an entrustment.

We conclude that the friendship between Ramirez and Smith (consisting of visiting each other's homes, having dinner, going to movies, traveling to Mexico), without more, is insufficient to connect Smith to the Ramirez–Evans conspiracy. Smith's presence in the vehicle is explained entirely by his friendship with Ramirez, and there is no other evidence to show even a slight connection to the conspiracy. The government has failed to produce evidence that would permit a jury to find beyond a reasonable doubt that Smith's conduct was illegal instead of innocent. *See United States v. Bishop,* 959 F.2d 820, 831 (9th Cir.1992).

On these facts, no rational trier of fact could find the essential elements of crimes with which Smith was charged.

### B. Admissibility of the Evidence and Prosecutorial Misstatement.

Appellant Ramirez claims that the district court erred when it (1) admitted evidence of a prior border crossing, (2) admitted evidence that Ramirez' sister registered title of his cars to her name six days after his arrest, and (3) denied his motion for mistrial based on the government's misstatement during closing argument.

#### 1. Admission of Rule 404(b) Evidence.

■ Pursuant to Federal Rule of Evidence 404(b), the government introduced

evidence suggesting that in July, 1997, Ramirez had crossed the border in another vehicle rented by James Evans under a rental contract listing Ramirez as an additional driver. Ramirez contends that this evidence was highly prejudicial and should have been excluded. The trial judge found this evidence to be relevant pursuant to Rule 401 as circumstantial evidence tending to prove an element of the conspiracy-evidence of Ramirez' association and plan with James Evans. Such an evidentiary ruling is reviewed for abuse of discretion. *United States v. Melvin*, 91 F.3d 1218, 1224 (9th Cir.1996). We will reverse for abuse of discretion "only if such nonconstitutional error more likely than not affected the verdict." *United States v. Workinger*, 90 F.3d 1409, 1412 (9th Cir.1996) (internal quotation marks omitted).

The government contends that evidence of a prior border crossing in a vehicle rented by James Evans is relevant and probative in connecting Ramirez to Evans in support of the conspiracy charge. The government cites *United States v. Normandeau*, 800 F.2d 953 (9th Cir.1986), for the proposition that evidence of prior association of co-conspirators under circumstances similar to the charged offense is admissible as evidence of the conspiracy. The government's position is that the July 1997 border crossing is similar to the prior acts admitted in *Normandeau* because in neither case were the prior acts shown to be illegal. The July 1997 border crossing is offered as circumstantial evidence of an ongoing conspiracy between Ramirez and Evans to import narcotics into the United States. Although this circumstantial evidence is weak, a repetition of similar border crossings does support the government's contention that an ongoing conspiracy existed between Ramirez and Evans. It is not necessary that the government show that Ramirez actually imported narcotics across the border in July, 1997, for that border crossing to be relevant to an alleged ongoing conspiracy. As in *Normandeau*, the government presented clear and convincing evidence that the July, 1997, border crossing occurred,

that James Evans signed the rental contract, and that Alvaro Ramirez was listed as the designated driver, exactly as was the case in September, 1997, when marijuana was discovered in the vehicle rented by James Evans and driven by Ramirez. Moreover, as in *Normandeau*, appellant "was free at all times to argue to the jury his point that the evidence merely showed his involvement in a legal ... transaction and proved nothing about prior illicit dealings." *Id.* at 957.

The trial judge carefully weighed the prejudicial effect of this evidence against its probative value, as required by Rule 403, and found inadmissible Ramirez' other border crossings in March, April, August, and September. Therefore, the trial judge did not abuse his discretion by admitting circumstantial evidence relevant to the association between Ramirez and Evans and their alleged plan to use a vehicle rented by Evans and driven by Ramirez to smuggle drugs into the United States.

2. Admission of Irrelevant Evidence.

■ Next Ramirez claims that the district court erred when it admitted evidence that Ramirez' sister registered title to his vehicles in her name six days after his arrest. Ramirez argues that this evidence was irrelevant, prejudicial, and confusing to the jury as it raised collateral forfeiture issues. *See* Fed.R.Evid. 402. The government contends that Ramirez' transfer of vehicles to his sister shows his consciousness of guilt, *i.e.*, he was trying to cover up the fact that on September 14, 1997, he owned personal vehicles he could have used for his trip to Mexico instead of renting a vehicle. The government's case agent testified that personal vehicles containing narcotics are seized at the border, whereas rental vehicles containing narcotics are returned to the rental agency.

The government's consciousness of guilt argument is tenuous, at best, but the fact that Ramirez chose to use a rental vehicle rather than one of the personal vehicles titled in his name was admissible and pro-

bative when coupled with the case agent's testimony. However, the admission of the evidence that Ramirez' sister registered his cars in her name six days after his arrest was harmless error.

### 3. Denial of Motion for Mistrial.

■ Finally, Ramirez contends that the district court erred when it denied his motion for a mistrial based on a misstatement of fact by the prosecutor in closing argument. Embellishing upon the government's evidence regarding his July, 1997, border crossing, Ramirez testified that he frequently rented cars to travel to Mexico to visit his girlfriend, and that he would often re-cross the border during these visits to eat in American restaurants or spend the night in American hotels. In closing argument, the prosecutor stated that

> Mr. Ramirez' attorney might say that he was never caught before when he came back and forth with marijuana. What does that tell you? Absolutely nothing. People are successful in smuggling marijuana into the United States. That's why they do it. If people were caught 100 percent of the time, no one would do it anymore. The inspectors do not catch everybody every single time.

The trial judge alertly prompted defense counsel for an objection, and after a telephone call to a supervisor, defense counsel moved for a mistrial on the ground that the prosecutor had misstated the facts of the case by asserting that Ramirez had in fact previously crossed the border with marijuana.

■ A denial of a motion for a mistrial is reviewed for abuse of discretion. *United States v. English*, 92 F.3d 909, 912 (9th Cir.1996). In this case, the trial judge gave a strong curative instruction to the jury, adequately explaining the proper uses of evidence of prior border crossings and underlining the fact that there was no evidence whatever to suggest that the prior border crossings involved importation of marijuana or any other drug. This instruction was sufficient to cure the prosecutor's error, *see United States v. de Cruz*, 82 F.3d 856, 863 (9th Cir.1996), although

we note that the prosecutor's comments are troubling, especially given the weak probative value of the 404(b) evidence itself.

### CONCLUSION

There was strong evidence against Ramirez-he had care, custody and control of a vehicle containing 46.4 pounds of marijuana. Any error created by the prosecutor's statement was cured by the trial court, and any other error was harmless. Therefore we affirm Ramirez' conviction.

IT IS THEREFORE ORDERED that the conviction of Appellant Smith is REVERSED and VACATED, and the conviction of Appellant Ramirez is AFFIRMED.