**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank Joseph CRIMMINS,
Defendant–Appellant.**

**No. 00–10417.
D.C. No. CR–99–00100–RCB.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

MEMORANDUM **

Frank Crimmins appeals his conviction and sentence for multiple counts of producing counterfeit Federal Reserve Notes and related crimes, in violation of 18 U.S.C. § 471, 472 and 473. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Crimmins contends that the district court abused its discretion by admitting highly prejudicial evidence of a prior crime in violation of Fed.R.Evid. 404(b) and 403. We review for abuse of discretion a district court's decision to admit evidence of prior bad conduct under Fed.R.Evid. 404(b). *United States v. Arambula–Ruiz,* 987 F.2d 599, 602 (9th Cir.1993). A district court's decision to admit such evidence will be reversed for an abuse of discretion. . *United States v. Ramirez,* 176 F.3d 1179, 1182 (9th Cir.1999).

The district court here properly determined that admission of evidence concerning Crimmin's prior crime was: 1) probative of intent, which is a material element of the crimes currently challenged; 2) not too remote in time as it occurred just over one year prior to the instant offenses involved the possession of counterfeit treasury notes; 3) sufficiently similar as it also involved possession of counterfeit treasure notes; and 4) undisputed by the defense. *See United States v. Arambula–Ruiz,* 987 F.2d 599, 602 (9th Cir.1993) (applying a four-part test to determine whether evidence was properly admitted under Fed. R.Evid. 404(b)).

Moreover, following admission of the challenged evidence, the district court read a limiting instruction to minimize any prejudicial effect. *See Arambula–Ruiz,* 987 F.2d at 604 (explaining that "an appropriate instruction limiting the purpose for which the jury could consider evidence of a defendant's prior conviction" is a factor weighing in favor of admission of Rule 404(b) evidence). In light of the district court's limiting instruction and its careful application of Fed.R.Evid. 403 and 404, we conclude the district court did not abuse its discretion by admitting evidence of Crimmins's prior conviction. *See United States v. Montgomery,* 150 F.3d 983, 1001 (9th Cir.1998).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

