**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry WILSON, Defendant–Appellant.**

No. 01–50021.

D.C. No. CR–00–00256–RSWL–1.

United States Court of Appeals,
Ninth Circuit.

Submitted July 8, 2002.*

Decided July 23, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,** District Judge.

MEMORANDUM ***

Henry Wilson appeals his conviction and sentence for robbery of a letter carrier. *See* 18 U.S.C. § 2114(a). We affirm in part and dismiss in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

(1) The district court did not err when it excluded evidence that another person had committed a robbery of a letter carrier at an earlier time. It is true that a defendant may put on evidence that another person committed the crime with which the defendant is charged. *See Thomas v. Hubbard,* 273 F.3d 1164, 1177 (9th Cir.2001); *United States v. Crosby,* 75 F.3d 1343, 1347 (9th Cir.1996). That, however, does not mean that a defendant can put on evidence that someone else committed other crimes which share no particularly distinctive characteristics with the crime in question. *See United States v. Spencer,* 1 F.3d 742, 744–45 (9th Cir.1992); *United States v. Perkins,* 937 F.2d 1397, 1400–01 (9th Cir. 1991). But that is all that the district court excluded here. The district court did not abuse its discretion. *See Perkins,* 937 F.2d at 1400.

(2) We will assume that the district court erred when it admitted evidence that Wilson had a pipe that he used to smoke crack cocaine. *See United States v. Labansat,* 94 F.3d 527, 530–31 (9th Cir.1996). However, in light of the other powerful evidence against Wilson, including his own admission, any such error was harmless. *See United States v. Beckman,* 291 F.3d 586, 590–92 (9th Cir.2002); *United States v. Ramirez,* 176 F.3d 1179, 1182 (9th Cir. 1999).

(3) We lack jurisdiction to consider Wilson's claim that the district court abused its discretion when it declined to depart downward. *See United States v. Duran–Orozco,* 192 F.3d 1277, 1283 (9th Cir.1999); *United States v. Morales,* 898 F.2d 99, 101–03 (9th Cir.1990). ·

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(A)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

AFFIRMED as to the conviction; DISMISSED for lack of jurisdiction as to the sentencing issue.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.