**UNITED STATES Of America,**
**Plaintiff—Appellee,**

v.

**Antoine L. GARABET, M.D.,**
**Defendant—Appellant.**

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

United States of America,
Plaintiff—Appellee,

v.

Antoine L. Garabet M.D., Inc., dba
Laser Eye Center, Defendant—
Appellant.

Nos. 02–50388, 02–50389.
D.C. Nos. CR–00–00996–SVW–
02, CV–00–00996–SVW–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 26, 2003.

Before THOMPSON, TROTT, and TALLMAN, Circuit Judges.

MEMORANDUM *

Dr. Antoine L. Garabet was an ophthalmologist operating a multi-location practice through Antoine L. Garabet, M.D., Inc. (d/b/a Laser Eye Center). The government indicted Garabet and the Laser Eye Center (collectively, "Garabet") on twenty-two counts. The jury returned a guilty verdict as to counts one, two, four, and five—counts based on surgeries-not-performed on patients Ruby McIntyre and Irene Aitkenhead.

The district court sentenced Garabet to twenty-one months imprisonment and two years supervised release; the court also ordered Garabet to pay a $200,000 fine and $264,652.98 in restitution. The district court sentenced the Laser Eye Center to two years probation and ordered the Center to pay $264,652.98 in restitution, for which the Center and Garabet were made jointly and severally liable. We affirm the convictions and reject the arguments relating to the trial court's evidentiary deci-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sions. But we vacate the sentences and remand for resentencing.

## I

## A

Garabet argues that the district court erred by denying his Rule 29 motions for judgment of acquittal. We review the denial of a Rule 29 motion *de novo*. *United States v. Mendez–Casillas*, 272 F.3d 1199, 1202–03 (9th Cir.2001). A Rule 29 motion should be granted if, viewing the evidence in the light most favorable to the government, no rational trier of fact could find the essential elements of the charged crime beyond a reasonable doubt. *Id.*

Mail fraud exists when: (1) as part of a scheme or plan, the defendant (2) knowingly makes false statements (3) that are material, (4) with the intent to defraud; and (5) the defendant uses the mails as part of the scheme. *See* Ninth Circuit Model Criminal Jury Instruction 8.101.

■ The district court properly denied Garabet's Rule 29 motions as to the services-not-performed scheme. At the time Garabet made his initial Rule 29 motion, the government had presented ample evidence establishing the elements of mail fraud. Dr. Steven Schwartz testified that five patients displayed no retinal scarring. Schwartz also established that if laser surgery were performed at the parameters noted on Garabet's charts (700 milliwatts of power for .2 seconds) a scar would always appear.

The district court also properly denied Garabet's Rule 29 motion filed after Garabet's expert, Dr. John Maggiano, testified. As an initial matter, the evidence presented in the prosecution's case adequately allowed a reasonable juror to find Garabet guilty. The evidence offered by Maggiano in defense actually corroborated the testimony offered by Schwartz in material parts of the government's case.[1]

Finally, the district court properly denied Garabet's post-trial Rule 29 motion for judgment of acquittal. The record contained sufficient evidence on which the jury could base a finding of guilt.

## B

■ Garabet argues that the district court should have excluded Schwartz's testimony pursuant to Federal Rule of Evidence 702 and *Daubert*. Garabet never objected to the admission of Schwartz's testimony at trial.[2] As such, this Court reviews Garabet's *Daubert* argument for plain error. *See United States v. Buckland*, 289 F.3d 558, 563 (9th Cir.2002) (en banc). There was no plain error here.

Under *Daubert*, the standards of Rule 702 are met if the testimony is "ground[ed] in the methods and procedures of science." *Daubert*, 509 U.S. at 590. Schwartz's testimony was based on widely accepted scientific methods. His testimony included examinations of the patients and reviews of their fluoroscein angiograms. The examination of patients and the review of angiograms is the methodology agreed

---

1. Garabet asserts that Maggiano's testimony rendered Schwartz's testimony inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Even if Garabet were correct that Schwartz's testimony was inadmissible under *Daubert*, that conclusion is irrelevant in a challenge to the denial of a Rule 29 motion. In reviewing a Rule 29 motion, we "must look

to all of the evidence presented at trial, including any evidence subsequently found to have been erroneously admitted." *United States v. Castaneda*, 16 F.3d 1504, 1510–11 (9th Cir.1994).

2. Garabet did make evidentiary objections to discrete questions and portions of the testimony, but never to the admissibility of the overall testimony of Schwartz.

upon by every eye doctor who testified in this case.

## C

Garabet maintains that the district court abused its discretion by not declaring a mistrial after Schwartz offered two sentences of testimony that implied Garabet performed medically unnecessary surgeries. We review the denial of a motion for mistrial for abuse of discretion. *United States v. Ramirez,* 176 F.3d 1179, 1183 (9th Cir.1999). "Declaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." *United States v. Charmley,* 764 F.2d 675, 677 (9th Cir. 1985).

The district court did not abuse its discretion in denying Garabet's motion for mistrial. The district court offered a lengthy and forceful instruction for the jury to disregard the offending portions of Schwartz's testimony, which were a small fraction of Schwartz's testimony over two days. This instruction was sufficient to cure any prejudice.

## D

Garabet contends that the district court improperly allowed testimony regarding whether Garabet met acceptable standards of medical care. We review the district court's decision to admit evidence, including the court's relevancy analysis, for an abuse of discretion. *See United States v. Hanna,* 293 F.3d 1080, 1085 (9th Cir.2002).

The district court did not abuse its discretion by admitting the evidence that Garabet objects to as demonstrating his failure to adhere to a standard of care. The challenged testimony was relevant to facts of consequence in the case. The patients' testimony about the lack of safeguards surrounding the procedures indicated that Garabet never performed the surgeries. Schwartz testified that Mabel Shuck's treatment would likely have ruptured her retinal membrane and showed that if a procedure had been performed at the parameters Garabet claimed, a scar would likely be visible. The testimony of the government's rebuttal expert, Dr. Thomas Friberg, that use of Garabet's parameters would "blow out" the eye also demonstrated that Garabet's claimed laser treatment of McIntyre and Aitkenhead would likely leave a scar. Finally, Friberg's statement that early-stage diabetic retinopathy does not justify laser surgery showed that it is unlikely that such surgeries were performed on patients with that condition.

## E

At the close of evidence, Garabet moved to strike all witness testimony and exclude all evidence related to the consecutive-day-billing scheme. The district court denied this motion. Garabet maintains that the district court abused its discretion in allowing this evidence to go to the jury during deliberations.

There was no abuse of discretion. The consecutive-day-billing evidence was relevant for the reasons articulated by the district court as evidence of intent to defraud: (1) it demonstrated the "[c]ookie cutter" way in which Garabet claimed to have performed his surgeries, and (2) it questioned the credibility of Garabet's claim that he always performed surgeries according to his medical records.

## F

Garabet argues that the district court abused its discretion by denying his motion for a new trial, which motion was based on allegedly newly discovered evidence.

We review the denial of a motion for new trial for an abuse of discretion. *United States v. Holmes*, 229 F.3d 782, 789 (9th Cir.2000). A new trial is warranted if (1) the evidence forming the basis for a new trial is newly discovered, (2) due diligence was exercised in discovering the evidence, (3) the new evidence is not merely cumulative or impeaching, (4) the new evidence is material, and (5) the new evidence would probably produce an acquittal. *United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000).

The district court properly denied Garabet's motion for a new trial. The evidence offered by Garabet in support of his motion for new trial was not new and should have been presented at trial. First, Garabet worked closely with Maggiano in preparation for trial. Garabet knew that the trial would turn on the issue of whether a flouroscein angiogram would always show scarring after a patient received laser surgery. The substance of Maggiano's "newly discovered evidence" was cumulative and was presented at trial. Second, the declaration from a technician who serviced Garabet's laser machine should have been presented at trial. Prior to trial, the government disclosed to Garabet that the government had interviewed the technician. The prosecution's theory was that Garabet always administered the laser surgeries at the power and duration settings noted in his charts. Certainly, the defense was aware that the performance of Garabet's laser machine would be a central issue at trial.

## II

### A

Garabet contends that the district court failed to comply with Federal Rule of Criminal Procedure 32 by not properly resolving disputed facts at the time of sentencing. We review *de novo* the district court's satisfaction of Rule 32. *United States v. Standard*, 207 F.3d 1136, 1140 (9th Cir.2000).

Although the parties bicker over the requirements imposed by Rule 32, this Court has made clear what Rule 32 mandates: *"At the sentencing hearing,* the court *must* ... rule on any unresolved objections to the presentence report." Fed.R.Crim.P. 32(c)(1) (2002) (emphasis added); *see Standard*, 207 F.3d at 1142. The district court must make written findings supporting these resolutions, but there is no requirement that these written findings be made at the time of sentencing. Fed.R.Crim.P. 32(c)(1); *see United States v. Daas*, 198 F.3d 1167, 1181–82 (9th Cir. 1999).

■ Here, the district court adequately resolved most of the objections to the presentence report during the sentencing hearing, but failed to resolve Garabet's objections to the presentence report's recommendation that the sentence be enhanced for obstruction of justice, more than minimal planning, and abuse of a position of trust. The district court did address these objections in its written findings, filed several months after the sentencing hearing, in which the court adopted the recommendation of the presentence report to apply the enhancements. But resolving the issues in written findings submitted months after the sentencing hearing does not satisfy Rule 32.

Although the district court could have summarily resolved Garabet's objections at the time of sentencing, and then supplemented that resolution with later written findings, the district court was required to at least pass judgment at sentencing on all of Garabet's objections. We therefore vacate the sentences imposed on Garabet and the Laser Eye Center and remand for resentencing.

## B

Garabet challenges the district court's calculation of the amount of loss used to determine Garabet's offense level. Garabet also maintains that the district court erred in determining the amount of restitution. We evaluate *de novo* a district court's interpretation of the Sentencing Guidelines, while reviewing the application of the Guidelines to the facts of a case for an abuse of discretion. *See United States v. Alexander,* 287 F.3d 811, 818 (9th Cir. 2002). The district court's factual findings at sentencing are reviewed for clear error. *Id.*

### 1

■ The district court correctly calculated the amount of loss based on the bills submitted for six patients. Two of those patients were McIntyre and Aitkenhead, the two patients underlying the counts of conviction. As for the other four patients, the government provided clear and convincing evidence that Garabet did not perform surgeries on this group; the district court could therefore consider as relevant conduct the amount of loss associated with these patients. *See United States v. Munoz,* 233 F.3d 1117, 1126–27 (9th Cir.2000).

### 2

■ The district court ordered Garabet and the Laser Eye Center to pay $264,652.98 in restitution. The restitution amount included all reimbursement Garabet received from Medicare for consecutive-day surgeries during the relevant period. The district court concluded that clear and convincing evidence established that Garabet created a massive scheme to defraud Medicare by submitting bills for consecutive-day surgery when surgery was only performed on one day. Garabet argues that the restitution amount was incorrectly set.

We review a restitution order for abuse of discretion. *United States v. Nash,* 115 F.3d 1431, 1441–42 (9th Cir.1997). The district court's factual findings are reviewed for clear error. *United States v. Petersen,* 98 F.3d 502, 509 n. 7 (9th Cir. 1996). Where a defendant is convicted on a count including a scheme to defraud as an element, "restitution may be ordered for losses to persons harmed in the course of the defendant's scheme even beyond the counts of conviction," including losses caused by conduct relating to counts on which the defendant is acquitted. *United States v. Lawrence,* 189 F.3d 838, 846–47 (9th Cir.1999) (internal quotation marks and citation omitted).

The district court properly concluded that the restitution amount should include the money received by Garabet for all of the consecutive-day bills. The government provided ample evidence to support the district court's decision that Garabet engaged in a massive fraud by sending in bills claiming two-day surgeries for one-day surgeries.

Although the district court was generally correct to include the amount received for the consecutive-day bills in the restitution calculation, the government concedes that the mechanics of the court's calculation were incorrect and notes that the restitution amount should only be $62,671 because Garabet is entitled to a lower level of compensation for surgeries actually performed but on one day only. We therefore vacate this portion of the sentences and remand for resentencing.

We AFFIRM the convictions, VACATE the sentences, and REMAND for resentencing.