**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donovan Ray BELONE, Defendant—Appellant.**

**No. 02–10503.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 3, 2003.

---

Linda C. Boone, Esq., Dyanne C. Greer, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jeffrey A. Williams, Esq., FPDAZ—Federal Public defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Donovan Ray Belone appeals his conviction for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 and 2241(c), and sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2243(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court did not abuse its discretion by excluding the testimony of defense witness Dewayne Wilson as improper impeachment under Federal Rule of Evidence 608(b).[2] *See United States v. Ramirez,* 176 F.3d 1179, 1182 (9th Cir. 1999) ("an evidentiary ruling is reviewed for abuse of discretion"). Rule 608(b) provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." Fed.R.Evid. 608(b). Prior to trial, Belone assumed that the government's witnesses would testify that Wilson was himself either a victim or witness of Belone's abuse. During trial, however, none of Belone's juvenile victims offered the anticipated testimony about Wilson. Thus, Belone offered Wilson's testimony "solely for the purpose of attacking the credibility" of the government's juvenile witnesses; as a result, the proffered testimony is extrinsic impeachment evidence inadmissible under Rule 608(b). *United States v. Bosley,* 615 F.2d 1274, 1276 (9th Cir.1980). Belone concedes that he had ample opportunity to challenge the juvenile victims' truthfulness on cross-examination. The district court did not abuse its discretion by excluding extrinsic impeachment testimony regarding Wilson.

There was, however, testimony about defense witnesses Darren Ayzie and Christopher Williams. Because their testimony

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

2. Although initially excluded following a motion in limine, an additional defense witness, Nolan Anderson, was ultimately permitted to testify as an eyewitness to an act of sexual abuse alleged in Count 5 of the indictment.

would have impeached the government's witnesses by contradiction, it was not governed by Rule 608(b). *See United States v. Chu,* 5 F.3d 1244, 1249 (9th Cir.1993) (holding that Rule 608(b) applies "where the only theory of relevance is impeachment by prior misconduct"). Even assuming, however, that the district court erred in excluding Ayzie and Williams' testimony under Rule 608(b), the error was harmless. We are convinced "it is more probable than not that the error did not materially affect the verdict." *United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997) (en banc).

As for the redirect examination of expert witness Elaine Cusey, even assuming error in permitting such testimony, the error was harmless. *See United States v. Seschillie,* 310 F.3d 1208, 1214–16 (9th Cir. 2003) (stating and explaining applicable rule).

The judgment of conviction is

**AFFIRMED.**