HYUNDAI MOTORS AMERICA, INC., Plaintiff—Appellant,

v.

ACE A DENT, INC.; et al., Defendants,

and

Daniel Hawley; et al., Defendants— Appellees.

Hyundai Motors America, Inc., Plaintiff—Appellee,

v.

Ace A Dent, Inc.; et al., Defendants,

and

Daniel Hawley; et al., Defendants— Appellants.

No. 02–16312, 02–17512.

D.C. No. CV–99–00196–RLH(PAL), CV–99–00196–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2004.*

Decided March 22, 2004.

Kenneth E. Keller, Esq., Shaun M. Murphy, Karen Milligan–Burton, Esq.,Krieg, Keller, Sloan, Reilley & Roman LLP, San Francisco, CA, for Plaintiff–Appellant.

Gary Bowman, Acworth, GA, pro se.

Kirk B. Lenhard, Esq., Jones Vargas, Las Vegas, NV, for Defendants.

Jack W. Merritt, Merritt & Merritt, Sarasota, FL, for Defendant–Appellants.

Before HALL and GRABER, Circuit Judges, and WEINER,** Senior District Judge.

MEMORANDUM ***

Appellant Hyundai challenges the district court's directed verdict in favor of

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Daniel and David Hawley. The Hawleys cross-appeal the court's denial of their motion for sanctions. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's rulings.

Sitting in diversity, we apply the substantive law of Nevada and the federal procedural and evidentiary rules. We review *de novo* the district court's directed verdict under Federal Rule of Civil Procedure 50(a), reviewing all of the evidence in the record and drawing all reasonable inferences in favor of Hyundai, the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Under Nevada law, for there to be a legally sufficient evidentiary basis to hold the Hawleys personally liable for Ace–A–Dent's fraud, Hyundai was required to establish that the Hawleys were the corporation's alter egos. Nevada defines alter ego liability as follows:

> (1) The corporation must be influenced and governed by the person asserted to be its alter ego[;] (2) There must be such unity of interest and ownership that one is inseparable from the other; and (3) The facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice.

*Lorenz v. Beltio, Ltd.,* 114 Nev. 795, 963 P.2d 488, 496 (1998) (per curiam) (internal quotation marks omitted).

Hyundai, however, did not show that the Hawleys influenced and governed Ace–A–Dent's operations. The fact that the Hawleys obtained credit cards for the corporation and signed the corporation's tax returns did not make them the corporation's alter egos. The record discloses that the Hawleys did not make decisions on behalf of the corporation. The Hawleys testified that they hardly looked at the corporate documents they received in the mail. The

accountant, Ruth Booth, testified that Dennis Hallam was the "ultimate authority" for Ace–A–Dent. She testified that the Hawleys never directed her to pay kickbacks to Robert Corder and that she never discussed Hallam's "promotional fund" with them. Hallam's deposition testimony did not implicate the Hawleys in the fraud. The district court correctly held that, under these circumstances, there was no basis for piercing the corporate veil in Nevada.

We review the district court's evidentiary rulings for an abuse of discretion. *Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The district court did not abuse its discretion by excluding Booth's note under Federal Rule of Evidence 403, considering the negative connotations of the word "kickback," the fact that Booth did not really mean "kickback," and the fact that the payment did not relate to the Hyundai account.

It was more questionable for the court to prohibit Dennis Hallam from testifying at the Hawleys' trial on the grounds that he would not be a credible witness. However, even if the exclusion of Hallam's live testimony was an abuse of discretion, the error was harmless because, more likely than not, it did not affect the verdict. *United States v. Ramirez,* 176 F.3d 1179, 1182 (9th Cir.1999). In this respect Hallam's deposition testimony is informative. Hallam testified that the Hawleys never asked him about his "promo fund" but "just took their 10 to 20 percent and went happily on their way." When he was asked if he ever told the Hawleys "in great detail" about how he was taking care of Corder, Hallam said "no." Nothing Hallam said at his deposition provided any evidence that the Hawleys were involved with the fraud or governed the corpora-

tion. We therefore conclude that his testimony at trial would not likely have changed the outcome.

We review the district court's denial of the Hawleys' motion for sanctions for an abuse of discretion. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Barber v. Miller,* 146 F.3d 707, 709 (9th Cir.1998). We affirm the denial of sanctions because the record does not indicate that Hyundai proceeded against the Hawleys frivolously or in bad faith. *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1108 (9th Cir.2002).

AFFIRMED.