**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Armando DIAZ–RIVERA, aka Armando Julio Diaz; Armando Diaz; Armando Rivera; Armando Rivera Diaz; Armando Rivera–Diaz, Defendant—Appellant.**

**No. 03–50043.
D.C. No. CR–02–00679–FMC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 30, 2004.

Decided April 12, 2004.

Ronald L. Cheng, Office of the U.S. Attorney, Los Angeles, CA, Joey L. Blanch, Office of the U.S. Attorney, Riverside, CA, for Plaintiff-Appellee.

Jonathan D. Libby, Deputy Federal Public Defender, Federal Public Defender'S Office, Los Angeles, CA, for Defendant-Appellant.

Before HALL, TROTT, and CALLAHAN, Circuit Judges.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although originally a basis for appeal, the petitioner now concedes that the voluntariness of his reentry was not an element of being "found in" the United States following deportation. *See United States v. Pina–Jaime,*

**MEMORANDUM** *

Armando Diaz–Rivera ("Diaz–Rivera") was convicted of being an illegal alien "found in" the United States following deportation, in violation of 8 U.S.C. § 1326(a). At trial, Diaz–Rivera based his entire defense on the involuntariness of his entry. The district court properly determined the voluntariness of entry to be irrelevant and excluded testimony related to that defense.[1] Diaz–Rivera now contends that he was also precluded from testifying as to the involuntariness of his continued presence in the United States, and thus the district court abused its discretion in sustaining the government's objections to defense counsel's questions.

"A district court's evidentiary rulings during trial are reviewed for abuse of discretion." *United States v. Hankey,* 203 F.3d 1160, 1166 (9th Cir.2000) (citing *Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)); *United States v. Ramirez,* 176 F.3d 1179, 1182 (9th Cir.1999). "Evidentiary rulings will be reversed for abuse of discretion only if such nonconstitutional error more likely than not affected the verdict." *Id.* at 1167 (quoting *Ramirez,* 176 F.3d at 1182).

Diaz–Rivera argues that had the court allowed him to testify, he would have "explained away" the voluntariness of his continued presence in the United States. Unlike the proffered testimony related to the voluntariness of his entry, however, Diaz–

332 F.3d 609, 612 (9th Cir.2003) ("Today, we make clear that an alien does not have to enter the United States illegally to violate the 'found in' clause of 8 U.S.C. § 1326(a)(2)."); *United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000) ("[V]oluntarily remaining in the country after an involuntary entry satisfies [§ 1326].").

Rivera provides nothing more than this bare assertion. As the district court correctly noted, "[t]he defendant offered no evidence that he was involuntarily in the country during the year after his arrival." In fact, the record supports the conclusion that Diaz–Rivera voluntarily remained in the country. Although hospital records indicate that he suffered from alcohol-related medical problems, the Physical Residual Functional Capacity Assessment does not reveal any limitation preventing Diaz–Rivera from returning to Mexico. Accordingly, Diaz–Rivera was unable to provide any details, either in his written brief or at oral argument, as to what testimony he would have offered to support his contention that he involuntarily remained in this country for over a year.

The lack of details supporting Diaz–Rivera's claim, the hospital records, and the length of his stay in the United States suggest that the outcome of the trial was unaffected by the court's evidentiary rulings. Therefore, the district court did not abuse its discretion in sustaining the prosecution's objections as to the relevance of the testimony.

**AFFIRMED.**