**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**JUVENILE, Defendant—Appellant.**

No. 03–50488.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Decided Sept. 3, 2004.

Timothy A. Scott, Esq., Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Juvenile challenges the sufficiency of the evidence in support of the district court's determination that he committed an act of juvenile delinquency under 18 U.S.C. § 5032 by importing methamphetamine in violation of 21 U.S.C. §§ 952, 960.

Even viewing the evidence in the light most favorable to the prosecution, the government proved beyond a reasonable doubt only that Juvenile was a passenger in a vehicle driven by his father and that he knew that his father had loaded illegal drugs into the vehicle. "[M]ere knowledge of the presence of contraband [in a vehicle], without evidence suggesting a passenger's dominion or control of the contraband, is insufficient to prove possession." *United States v. Ramirez*, 176 F.3d 1179, 1181 (9th Cir.1999). As in *Ramirez*, there is no evidence suggesting Juvenile's dominion over the contraband: he was not connected to the drugs by fingerprint evidence, he did not drive or own the vehicle or load drugs into it, and drugs were not found on his person. *See id.; cf. United States v. Herrera–Gonzalez*, 263 F.3d 1092, 1097–98 (9th Cir.2001) ("Sometimes youthful inexperience and lack of common sense, impecuniousness, or personal relationships may bring the innocent into continuing proximity with the guilty, but our line of 'mere presence' cases requires acquittal in the absence of evidence of intentional participation."). Nor did the government show that Juvenile did anything to facilitate the passage of the drugs over the border. *Cf. United States v. Yoshida*, 303 F.3d 1145, 1151—52 (9th Cir.2002).

Although the government never presented an aiding and abetting theory of liability at trial, we note that the evidence is insufficient to convict Juvenile for aiding or abetting the importation of methamphetamine. "For a defendant to be guilty of aiding and abetting, it is necessary that he in some way associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." *Carranza*, 289 F.3d at 642 (internal quotation marks and citations omitted); *see also United States v. Lopez*, 625 F.2d 889, 895–97 (9th Cir.1980). We agree with the district court that Juvenile did not associate himself with the venture by making a truthful statement to the customs inspector that he had nothing to declare. There is no evidence that he purchased, or acquired dominion over, the contraband or anything else while in Mexico.[1]

We assume without deciding that the district court properly admitted Juvenile's post-arrest statement that he accompanied his father on four prior smuggling trips because it does not affect our decision to reverse on insufficiency grounds. The statement fails to establish that he was more than a mere passenger on any of these prior occasions, let alone that he actively associated himself with the particular venture for which he was prosecuted.

**REVERSED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Notwithstanding the government's argument to the contrary, Juvenile's apology, without more, cannot be construed as an admission of active participation in the smuggling venture. It is at least as likely that his apology conveyed regret for conduct he recognized to be morally wrong and that had caused him serious problems with the legal system as that he was accepting responsibility for criminal activity.