UNITED STATES of America,
Plaintiff—Appellee,

v.

Freddy LIMA, Defendant—Appellant.

No. 03–50245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 12, 2004.

Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, Richard Y. Lee, Esq., Brent G. Tabacchi, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kenneth M. Stern, Esq., Woodland Hills, CA, Ronald D. Hedding, Ronald D.

Hedding Law Offices, Encino, CA, for Defendant–Appellant.

Before: GOODWIN, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Freddy Lima appeals his jury conviction for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. The evidence in this case was insufficient for any rational jury to arrive at a guilty verdict; therefore, we reverse both counts.

The government failed to show that Lima knowingly possessed a controlled substance with intent to distribute it. *See United States v. Magallon–Jimenez*, 219 F.3d 1109, 1112 (9th Cir.2000). Although the government submits that Lima constructively possessed the heroin by sitting in a car next to a bag containing the drugs, our previous case law establishes that mere proximity to drugs or association with the person who controls them is insufficient to prove possession. *See United States v. Vasquez–Chan*, 978 F.2d 546, 550 (9th Cir.1992); *see also United States v. Ramirez*, 176 F.3d 1179, 1181 (9th Cir. 1999). Lima's testimony that he tried to push the bag away from him does not demonstrate that he had dominion and control over the drugs. Moreover, an aiding and abetting theory is unsupportable here because the government did not prove that Lima "intentionally assisted in the venture's illegal purpose." *See United*

*States v. Ramos–Rascon*, 8 F.3d 704, 711 (9th Cir.1993) (internal quotations omitted). Nor did the United States request a *Pinkerton* instruction. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

Similarly, there is insufficient evidence to support Lima's conspiracy conviction. The government was required to show only a "slight connection" to an existing conspiracy, *id.* at 707, but evidence of a defendant's knowledge that drugs are present is insufficient, taken alone, to prove involvement in a conspiracy. *See United States v. Sanchez–Mata*, 925 F.2d 1166, 1168 (9th Cir.1991). Lima's actions are certainly suspicious, but his path on the day of his arrest is consistent with the innocent explanation he provided. *See United States v. Wiseman*, 25 F.3d 862, 865 (9th Cir.1994). Without evidence that Lima participated in any evasive action or assisted the co-conspirators in any way, Lima's conspiracy conviction must be reversed.

Because the evidence was insufficient to support a conviction on either count, we need not reach Lima's entrapment argument. The judgment is REVERSED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.