**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan NEVAREZ–MONTOYA,**
**Defendant—Appellant.**

**No. 04–50406.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2005.*

Decided July 20, 2005.

Kevin M. Mulcahy, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Martha M. Hall, Esq., San Diego, CA, for Defendant–Appellant.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Juan Nevarez–Montoya appeals his conviction by jury of importing over 50 kilograms of marijuana in violation of 21 U.S.C. §§ 952 & 960 and possession with intent to distribute over 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). As a result of an inspection at the San Ysidro Port of Entry of the car Nevarez–Montoya was driving as the sole occupant, 61 kilograms of marijuana, worth over $100,000, was discovered in concealed compartments. Nevarez–Montoya contends the district court erred in admitting evidence of his prior conviction under Federal Rule of Evidence 404(b) and that the evidence was insufficient to establish that he knowingly possessed the drugs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court did not abuse its discretion in admitting evidence of Nevarez–Montoya's May 7, 1993, marijuana smuggling conviction under Rule 404(b) for the purpose of proving knowledge because it properly applied the Ninth Circuit admissibility test. *See United States v. Romero,* 282 F.3d 683, 688 (9th Cir.2002) (internal quotations and citations omitted).

■ Based on all of the evidence, including his prior conviction, there was sufficient evidence for the jury to find beyond

a reasonable doubt that Nevarez–Montoya knowingly possessed the marijuana that was in the car he was driving across the United States border. *See United States v. Davila–Escovedo,* 36 F.3d 840, 843 (9th Cir.1994) (holding that a jury may infer a driver, as sole occupant of a vehicle containing 959 pounds of marijuana, knowingly possessed the contraband); *see also United States v. Ramirez,* 176 F.3d 1179, 1181, 1183 (9th Cir.1999) (acknowledging that "[i]t may be reasonable to infer that a $37,120 shipment of marijuana would not be entrusted to the driver of the vehicle without the driver's knowledge").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.