NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10294 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00169-JAM-1 |
| v. | |
| CHI MENG YANG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 5, 2024[**]
San Francisco, California

Before:  M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Chi Meng Yang appeals his convictions for conspiracy to commit bribery pursuant to 18 U.S.C. § 371, bribery of a public official pursuant to 18 U.S.C. § 666(a)(2), and manufacturing marijuana pursuant to 21 U.S.C. § 841(a)(1).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the parties are familiar with the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

facts, we only recount them here as necessary to provide context. We affirm.

1.      Yang argues that the district court erred by not instructing the jury on his entrapment and entrapment-by-estoppel defenses to the manufacturing charge. We review the district court's denial of Yang's proposed instructions for abuse of discretion. *See United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc).

A standard "entrapment defense has two elements: '(1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime.'" *United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011) (quoting *United States v. Barry*, 814 F.2d 1400, 1401 (9th Cir. 1987)). "A defendant is not entitled to have the issue of entrapment submitted to the jury in the absence of evidence showing some inducement by a government agent *and* a lack of predisposition." *Id.* (cleaned up).

Here, Yang presented no evidence tending to show that Sheriff Lopey induced him to manufacture the 300 marijuana plants he stipulated to having on his property. Instead, all that Yang offered on the issue of inducement was (1) his testimony that the Sheriff suggested on one occasion that Yang "could" grow a few marijuana plants "indoors," and (2) his testimony that the Sheriff met with members of the community in 2016 to provide guidance on how to comply with local marijuana ordinances.

2

These facts, even if believed, do not create a jury question on inducement. *See United States v. Simas*, 937 F.2d 459, 462 (9th Cir. 1991) (stating that inducement amounts to "repeated and persistent solicitation or persuasion which overcomes the defendant's reluctance," and that "mere suggestions or the offering of an opportunity to commit a crime is not conduct amounting to inducement") (cleaned up). The Sheriff's suggestion that Yang could grow at least ten marijuana plants indoors is a far cry from "creating a substantial risk that an otherwise innocent [Yang] would" manufacture more than 100 marijuana plants on a parcel of land that he owned. 9th Cir. Model Crim. Jury Instr. 5.2. The same is true for the Sheriff's town hall meeting on compliance with local marijuana ordinances.

2. Yang also challenges the district court's denial of his proposed entrapment-by-estoppel instruction. "Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (cleaned up). Yang concedes that his entrapment-by-estoppel defense would only apply to his manufacture of about a dozen plants because that is all the Sheriff suggested was legal, and therefore it is not a complete defense. Because Yang stipulated to owning a lot where over 300 marijuana plants were found, even if the district court had instructed the jury on the entrapment-by-estoppel defense, it could not have changed the jury's verdict, which was that Yang manufactured more than 100 marijuana

plants. *See generally United States v. Gurolla*, 333 F.3d 944, 957 (9th Cir. 2003) (applying harmless error analysis to trial court's denial of entrapment instruction).

3. Yang argues that the panel should vacate his conviction for conspiracy to commit bribery because the district court allowed three of his defense witnesses to categorically invoke their Fifth Amendment privilege against self-incrimination, as opposed to having them assert the privilege on a question-by-question basis, thereby violating his Sixth Amendment right to compulsory process. We review the district court's exclusion of the three witnesses for an abuse of discretion. *See United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997), *as amended* (Nov. 18, 1997).

At best, Yang's three witnesses, had they been allowed to testify, would only have testified that they had not communicated with Yang about the bribery mentioned in the superseding indictment. But that narrow testimony would not have overcome Yang's "clear evidence of guilt" on the conspiracy to commit bribery charge, *United States v. Moore*, 682 F.2d 853, 858 (9th Cir. 1982), given the voluminous evidence showing that he conspired with his co-conspirator sister to bribe the Sheriff. Accordingly, any failure caused by the categorical exclusion of Yang's three defense witnesses, none of whom was charged as a co-conspirator, is harmless beyond a reasonable doubt. *See id.* at 857–58.

4. Yang also argues that his conspiracy to commit bribery conviction should be vacated because the district court erroneously precluded his public

4

authority defense. We review de novo a district court's decision that "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." *United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991), *as amended* (Aug. 4, 1992) (cleaned up).

"The public authority defense is an affirmative defense of excuse derived from the common law. It is grounded in the principle that prosecuting an individual who acts in reliance upon official statements that one's conduct is lawful offends due process." *United States v. Doe*, 705 F.3d 1134, 1145 (9th Cir. 2013) (quoting *United States v. Jumah*, 493 F.3d 868, 874 (7th Cir. 2007)). Typically, a public authority defense to federal charges is only available where the defendant "rel[ies] on the advice or authority of *federal* officials or agents," because only such officials or agents could possibly authorize violations of federal law. *United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999). The defendant's "belie[f] that a government agent authorized her to engage in illegal acts" must be reasonable. *United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). There is no evidence of authorization by any federal official here.

On appeal, Yang emphasizes that he "only requested the public authority defense in a limited way as a defense to one of the overt acts alleged to have been in furtherance of the bribery conspiracy in the indictment"—i.e., the act of "bring[ing] the list of parcel numbers" for certain marijuana grow sites to the Sheriff." But even

if, as Yang urges, the affirmative defense of public authority may be used to negate specific overt acts that would otherwise be used to prove the existence of a conspiracy, any error was harmless.

Yang was still able to present evidence at trial suggesting that he only performed certain overt actions at the Sheriff's behest. Upon hearing this evidence, the jury still found that Yang committed "one or more acts in furtherance of the illegal" bribery scheme. *United States v. Decoud*, 456 F.3d 996, 1014 (9th Cir. 2006) (cleaned up). Moreover, even if the overt act of Yang bringing the parcel numbers to the Sheriff were negated, there were numerous other overt acts the jury could have relied upon to sustain a conspiracy conviction. Accordingly, the district court's preclusion of the public authority defense is not a valid basis for vacating Yang's conviction for conspiracy to commit bribery.

5. Finally, Yang argues that the district court should not have excluded evidence that he and his three excluded defense witnesses believed they complied with state law regarding medical marijuana, which he argues could have shown that they had no motive to bribe or to conspire to bribe the Sheriff to protect their marijuana-growing properties from eradication raids. We review a district court's evidentiary rulings for an abuse of discretion, *see United States v. Ramirez*, 176 F.3d 1179, 1182 (9th Cir. 1999), and find none here.

Before trial, Yang's counsel expressly conceded that "Yang's property had

6

300 [marijuana] plants, which is outside of any[] realistic interpretation of California medical [marijuana] law," making any evidence about Yang's understanding of state law irrelevant. The subjective belief of the three witnesses as to their own compliance with state medical marijuana law is also irrelevant because the government's bribery and conspiracy-to-bribe charges centered on Yang's agreement with his sister to bribe the Sheriff, not Yang's agreement with any of the three marijuana growers.

**AFFIRMED.**